# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LOUIS HINES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No. 1:14-cv-01408-LJO-SMS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FOR LACK OF JURISDICTION |

　　　　On September 10, 2014, Petitioner Corey Louis Hines filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the order of the U.S. Court of Appeals for the Seventh Circuit (No. 14-2763) denying his motion to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2255.

　　　　"The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Petitioner may not circumvent applicable law by filing a § 2241 petition in another jurisdiction.

　　　　Even if the § 2241 petition were not barred, this Court would lack jurisdiction. Generally, federal prisoners may not attack their conviction or sentence pursuant to § 2241, which is normally

1

limited to challenges to the execution of a sentence. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  In rare instances, however, a federal prisoner may attack his conviction or sentence pursuant to § 2241 by invoking the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e).

The italicized language, commonly referred to as a savings clause or an escape hatch, permits a federal prisoner to challenge his federal conviction by way of a § 2241 petition if he establishes that the remedy provided under § 2255 is inadequate or ineffective.  *See United States v. Hayman*, 342 U.S. 205 (1952).  "[A] § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction and sentence:

> Because I've sought 2255 relief via Exhibit 1 and 2, and have not been afforded a[n] evidentiary or a fair hearing on the merits of my claims.  And I'm actually innocent of the conviction and sentence

Doc. 1 at 5.

Exhibit 1 is the decision of the U.S. District Court for the Southern District of Illinois denying Petitioner's claims to set aside his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Exhibit 2 is the order of the U.S. Court of Appeals for the Seventh Circuit denying Petitioner's motion to file a second or successive petition under 28 U.S.C. § 2255.

///

///

1
2
3

"The general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'" *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting 28 U.S.C. § 2255).

4
5

The Court hereby DISMISSES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

6
7
8

IT IS SO ORDERED.

9

Dated:   **September 15, 2014**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

3